Filed 2/15/23  P. v. Houston CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LAWRENCE HOUSTON,<br><br>Defendant and Appellant. | D080918<br><br><br>(Super. Ct. No. FVI20000338 ) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Shahla S. Sabet, Judge.  (Retired Judge of San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

In case No. FVI2000338, a jury convicted Robert Lawrence Houston of violating a domestic violence restraining order (Pen. Code,[1] § 166, subd. (c)(4); count 4) and misdemeanor assault (§ 240; count 5).[2] As to count 4, the jury also found true that Houston had suffered a prior conviction (§ 273.6) and violated a criminal protective order with a credible threat or act of violence. In a separate case (case No. FWV17001149), the court found that Houston was in violation of probation.

After having previously revoked Houston's probation in case No. FWV17001149, the court terminated Houston's probation and sentenced him to prison for the middle term of three years. In case No. FVI2000338, the court sentenced Houston to eight months consecutive on count 4 and 180 days custody on count 5, with credit for time served.

Houston appeals, contending sufficient evidence does not support his conviction for assault. In addition, he argues his conviction under count 4 was derivative of his assault conviction. Therefore, if we reverse his conviction on assault, he maintains we must reverse his conviction under count 4. We reject these contentions and affirm the judgment.

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

[2]    The jury acquitted Houston on count 1 (attempted murder; §§ 664/187, subd. (a)) and count 2 (criminal threats; § 422, subd. (a)). The jury was unable to reach a verdict on count 3 (assault with a deadly weapon; § 245, subd. (a)(1)), and the court declared a mistrial as to that count.

2

## FACTUAL BACKGROUND[3]

*Prosecution*

On December 16, 2019, Shanae R. lived with Houston, who is her husband, and her son Aaron R. While Shanae was in the shower getting ready for work, she heard banging and slamming and went to investigate. Her son, who had had an altercation with Houston in the garage, had gone to his room and blocked his bedroom door with weights. Shanae found Houston in the garage. He had been drinking. His behavior was "erratic," "uncontrollable," and "crybaby-ish" as she loaded her car for work.

There were two cars in the garage, a white one and a black one. Houston yelled at Shanae not to take the white car. She got into the white car. Houston was standing at the black car holding a metal folding chair. He "beat" the hood of the black car, causing a dent. Houston yelled at Shanae that she had better not leave. He said he would bust the window in. Then he came to the window of the white car and "started beating it with the chair" while Shanae sat in the driver's seat.

Shanae backed out of the garage and drove to work. She called her son and told him to stay in his room because Houston was acting irate and had smashed her car with a chair.

At the time of this incident, there was a criminal protective order in place that prevented Houston from having any negative contact with Shanae. The protective order arose from an incident that happened in March 2017. The facts of that incident are not in dispute or relevant to the issues before us. Additionally, the parties stipulated that Houston had a prior conviction

---

[3] Because the appeal here only concerns counts 4 and 5, we limit our recitation of the facts to those counts only.

for violating a restraining order (§ 273.6) on November 16, 2018, in San Bernardino County in case No. MVI18012523.

*Defense*

Houston testified on his own behalf. He denied beating the window of the white car with the chair but admitted to throwing a chair at the black car and damaging it.

DISCUSSION

Houston contends there was a lack of sufficient evidence to convict him of assault (count 5). In addition, he argues his conviction for violating his criminal protective order (count 4) was derivative of his assault conviction; therefore, count 4 cannot stand. We disagree.

We review challenges to the sufficiency of the evidence for substantial evidence. (*People v. San Nicolas* (2004) 34 Cal.4th 614, 658 ["A judgment will not be reversed so long as there is substantial evidence to support a rational trier of fact's conclusion . . . ."]; see *People v. Gregerson* (2011) 202 Cal.App.4th 306, 320.) In so doing, we examine the entire record in the light most favorable to the judgment below. (*People v. Becerrada* (2017) 2 Cal.5th 1009, 1028.) We look for substantial evidence, which is evidence that is "reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt" (*People v. Koontz* (2002) 27 Cal.4th 1041, 1078; see *People v. Banks* (2015) 61 Cal.4th 788, 804), and we do not substitute our own factual determinations for the factfinder's (*Koontz*, at p. 1078). Further, " '[w]e do not reweigh evidence or reevaluate a witness's credibility.' [Citations.] 'Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.] Moreover, unless the testimony is physically impossible or inherently

4

improbable, testimony of a single witness is sufficient to support [a trial court's factual finding].' " (*People v. Brown* (2014) 59 Cal.4th 86, 106.)

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) The elements of assault are: "1. The defendant did an act that by its nature would directly and probably result in the application of force to a person; [¶] 2. The defendant did that act willfully; [¶] 3. When the defendant acted, [he] was aware of facts that would lead a reasonable person to realize that [his] act by its nature would directly and probably result in the application of force to someone; [¶] 4. When the defendant acted, [he] had the present ability to apply force to a person[;] AND 5. The defendant did not act [in self-defense]." (CALCRIM No. 915; see *People v. Williams* (2001) 26 Cal.4th 779, 790; *People v. Ibarra* (2007) 156 Cal.App.4th 1174, 1193-1195.) The crime of assault is a physical act that creates the potential for harm. The crime is complete even if the act does not result in a physical injury to the victim. (*People v. Chance* (2008) 44 Cal.4th 1164, 1170.)

Here, Houston argues the prosecution did not carry its burden to prove beyond a reasonable doubt that Shanae was in danger of physical harm when he struck the white car's window (i.e., the evidence failed to establish that Houston's act of striking the car window while Shanae was seated in the car would directly and probably result in the application of force to Shanae). To this end, he points out that the prosecution did not offer any evidence about the weight or composition of the chair. Further, Houston faults the prosecution for failing to better describe the force he used to strike the window or provide the indication of the angle at which the chair struck the

5

window (arguing it could have been a glancing blow).[4]  Finally, Houston emphasizes that Shanae admitted during cross-examination that the white car sustained no damage after Houston struck the window with the chair.

We note that Houston's trial attorney emphasized many of these same points to the jury during closing argument:

> "[Shanae's] testimony was that [Houston] hit the car with a chair that did no damage to the car.  That is not an assault.  You have to—There has to be some reasonable or direct and probable result that an application of force might happen.  If you are swinging a chair not hard enough to even scratch the window, how is it possible or reasonable that swinging that chair would cause any damage to her at all?  [¶]  And that is even if you assume what she was saying was true.  Because again, when she got up there and [what she] told you was completely unreasonable.  And you should just reject all of it."

At trial, the parties presented competing versions of what occurred concerning the white car.  Shanae testified that Houston hit the black car with the chair before beating on the driver's side window of the white car.  In contrast, Houston testified that he threw the chair at the black car but never hit the window of the white car.  Clearly, the jury rejected Houston's trial counsel's argument and found Shanae credible as to what occurred when she got into the white car.  To the extent that Houston is trying to persuade us to reconsider the same arguments he presented to the jury and reach a different conclusion, he misunderstands our role on appeal.  We do not reweigh evidence or substitute our own factual determinations in place of the jury's.  (See *People v. Brown, supra*, 59 Cal.4th at p. 106.)

---

4    Shanae testified that Houston yelled at her, told her not to leave, and threatened to "bust the window in."  Then, according to Shanae, Houston "started hitting the window."

Houston complains that the prosecution did not provide any evidence regarding the weight or composition of the chair.  However, there is no legal requirement that the prosecution offer such evidence to prove assault.  Indeed, we find it sufficient that Shanae testified that the same chair that was used to dent the black car also was used to strike the white car's window.  If the chair could damage the black car, it logically follows that it was made of sturdy enough material to damage the white car.  Further, there was evidence that the subject chair was a metal folding chair.  Such a chair is a sufficiently common item that the average juror would be at least somewhat familiar with it and its properties.

Moreover, the lack of any evidence that the white car's window was damaged does not carry the day for Houston.  Houston had been drinking and was acting belligerent and erratic when he became aggressive toward Shanae as she tried to leave for work.  He told Shanae not to take the white car to work.  When Shanae got into the white car, Houston was standing at the black car holding a metal folding chair.  He "beat" the hood of the black car causing a dent.  Then he came to the driver's side window of the white car and "started beating it with the chair" while Shanae sat in the driver's seat.  In addition, Houston yelled at Shanae that she better not leave and threatened to bust the window in.

Against this backdrop, there is ample evidence of assault.  Houston had just struck the black car with the chair, damaging it.  He then angrily advanced toward the car Shanae was sitting in and started to beat the car window with the same chair after threatening to bust the window.  The jury could reasonably conclude Houston's acts would directly and probably result in the application of force against Shanae.

7

In addition, we summarily reject Houston's argument that we must reverse his conviction under count 4 because it was derivative of count 5. Houston's contention hinged upon us concluding substantial evidence did not support the assault conviction. Because we arrived at the opposite conclusion, Houston's argument as to count 4 necessarily fails.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.